DECISION AND JUDGMENT ENTRY
{¶ 1} Melvin R. Hayslip ("Appellant") appeals his conviction in the Adams County Common Pleas Court for the illegal manufacture of drugs, in violation of R.C. 2925.04. The Appellant contends that his trial counsel provided him with ineffective assistance when she failed to object to certain portions of the testimony offered at trial. The Appellant also contends that his conviction was against the manifest weight of the evidence. Because we find that the Appellant's counsel provided him with effective assistance, and there is substantial evidence from which we can reasonably conclude all the elements of the offense were proven beyond a reasonable doubt, we affirm the judgment of the Adams County Common Pleas Court.
 {¶ 2} On October 30, 2004, Adams County law enforcement officers received a phone call from a confidential informant who told them that Ray Blythe, a suspect who was wanted by Brown County for outstanding charges, was in Adams County. The informant told the officers that Blythe was present at a residence on Mark Tilger Road. The officers traveled to the residence, and when they arrived, the property owner, Johnny Carter, approached them. The officers told Carter they were looking for Blythe, and asked whether he was present on the property. Blythe was then seen walking out of a shed near Carter's driveway. When he saw the officers, Blythe took off running.
 {¶ 3} The officers pursued Blythe, but could not catch him. Soon thereafter, the officers approached the shed Blythe exited. The side door to the shed was open. The officers detected a strong odor of ether surrounding the shed. Because they associated the smell of ether with methamphetamine, the officers investigated the area around the shed. One of the officers looked into the shed and saw the Appellant. The other officer ordered the Appellant out of the shed. The Appellant complied and was subsequently placed in handcuffs.
 {¶ 4} Carter, the property owner, signed a consent form allowing the officers to search his property. While searching his garage, the Adams County Sheriff's Department collected numerous objects that they believed had some connection to the production of methamphetamine. During the officers' search of Carter's house, they recovered several items, including a tank used to store anhydrous and burnt aluminum foil. When the officers searched the shed where they apprehended the Appellant, they found two mason jars and a plastic bottle.
 {¶ 5} On December 30, 2004, the Appellant was indicted for the illegal manufacture of drugs. On August 31, 2005, the Appellant was convicted of the illegal manufacture of drugs in violation of R.C. 2925.04, a second degree felony. He was sentenced to a six year prison term. The Appellant now appeals, asserting the following assignments of error:
 {¶ 6} I. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO IRRELEVANT AND PREJUDICIAL TESTIMONY THAT RELIED ON IRRELEVANT AND PREJUDICIAL EXHIBITS.
 {¶ 7} II. THE TRIAL COURT VIOLATED MELVIN HAYSLIP'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR ILLEGALLY MANUFACTURING DRUGS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 I. {¶ 8} We will first address the Appellant's second assignment of error for ease of analysis. The Appellant contends that his conviction for illegally manufacturing drugs was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial attains the high degree of probative force and certainty required of a criminal conviction. State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court sits, essentially, as a thirteenth juror and may disagree with the fact finder's resolution of the conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility is generally an issue for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Thompkins, supra, at 387, quoting Martin, supra, at 175. On the other hand, a reviewing court will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all the elements had been established beyond a reasonable doubt. Getsy, supra, at 193-94, quoting State v. Eley (1978), 56 Ohio St.2d 169, syllabus,383 N.E.2d 132.
 {¶ 9} In the case sub judice, the jury heard testimony from many individuals over the course of the proceedings. One of the law enforcement officers who apprehended the Appellant testified about the types of materials found in the Appellant's presence at the scene of the crime. The same individual testified that these materials were commonly used for the manufacture of methamphetamine. That officer's testimony was supported by like testimony propounded by two other law enforcement agents.
 {¶ 10} The jury also heard testimony from Johnny Carter, a co-defendant, who owned the residence and shed where the Appellant was apprehended. Carter testified that the shed was regularly used to manufacture methamphetamine. He placed the Appellant at the scene of the crime on the day in question. Carter also testified that the Appellant was familiar with the shed and had access to it. He further testified that the Appellant was regularly present in the shed with another co-defendant when the shed was used to manufacture methamphetamine.
 {¶ 11} Another co-defendant, Ray Blythe, testified that he had a deal with Carter to use Carter's shed to manufacture methamphetamine. In exchange for using his shed, Blythe paid Carter a rental fee. Blythe testified that he and the Appellant had manufactured methamphetamine in the shed before. Blythe also testified that he and the Appellant used the materials found at the scene and later properly admitted as Exhibits 1, 3, 4, 6, 8, 12-14, 16, and 17 to manufacture methamphetamine. Further, Blythe testified that he and the Appellant were manufacturing methamphetamine in Carter's shed on the day in question.
 {¶ 12} Finally, a forensic scientist for the Bureau of Criminal Identification and Investigation testified about the manufacturing process for methamphetamine and what ingredients and materials are used. The scientist testified that she tested items submitted to her by the Adams County Sheriff's Office, and that at least five of those items, reflected by Exhibits 1, 3, 4, 8, and 12, contained methamphetamine residue. She also testified that she tested 134 white pills found in a box in the shed and determined that the pills contained pseudoephedrine, a common ingredient used to manufacture methamphetamine.
 {¶ 13} The jury heard the aforementioned testimony and reviewed the eleven admitted exhibits. It determined that each element of R.C. 2925.04 was proven beyond a reasonable doubt. We have thoroughly reviewed the evidence, and we find that there is substantial evidence from which the jury could reasonably conclude all elements of the offense were proven beyond a reasonable doubt. We do not think that the jury lost it way. Accordingly, we overrule the Appellant's second assignment of error.
 II. {¶ 14} In his first assignment of error, the Appellant asserts that his trial counsel provided him with ineffective assistance when she failed to object to irrelevant and prejudicial testimony offered at trial. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, supra, at 689. Further, debatable trial tactics do not constitute ineffective assistance of counsel. See State v. McNeill (1998),83 Ohio St.3d 438, 449, 700 N.E.2d 596.
 {¶ 15} The Appellant argues that his trial counsel's failure to object to prejudicial and irrelevant testimony and exhibits throughout the duration of the trial was inexplicable and unreasonable, and ultimately denied him of a fair trial. During the Appellee's case-in-chief, it presented twenty-five exhibits. At the conclusion of presentation of the Appellant's and the Appellee's cases-in-chief, the trial court conducted a hearing to consider admitting the exhibits into evidence. During the hearing, the Court determined, at the urging of Appellant's trial counsel, that fourteen of the twenty-five exhibits were irrelevant or unfairly prejudicial to the Appellant. These exhibits were not admitted into evidence. The Appellant argues that his trial counsel's failure to object to these exhibits and their concurring testimony during the presentation of the Appellee's case-in-chief prejudiced the outcome of his trial.
 {¶ 16} Assuming arguendo that the performance of Appellant's trial counsel was deficient, the Appellant still must prove there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. The Appellant's second assignment of error required us to examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. Because we determined as part of our prior manifest weight review that the testimony, limited to the topics of the properly admitted exhibits, and those exhibits which were admitted by the court, constituted substantial evidence from which the jury could reasonably conclude all elements of the offense were proven beyond a reasonable doubt, the Appellant cannot show that there is a reasonable probability that the outcome of the trial would have been different without trial counsel's errors. Therefore, the Appellant's claim of ineffective assistance of counsel is not well taken.
 {¶ 17} Because we find that there is substantial evidence from which the jury could reasonably conclude all the elements required by R.C. 2925.04 were proven beyond a reasonable doubt, the Appellant's manifest weight and ineffective assistance arguments are meritless. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.